UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VASTY VOLTAIRE,

                         Plaintiff,

       v.

NYU LANGONE HOSPITALS and
HERIBERTO BONILLA,



                         Defendants.
------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**


**<u>Jury Trial Demanded</u>**

      Plaintiff VASTY VOLTAIRE ("Plaintiff"), by and through her undersigned counsel, Law

Office of Robert Osuna, P.C., as and for her Complaint in this action against Defendants NYU

LANGONE HOSPITALS ("NYU Langone"), and HERIBERTO BONILLA ("Bonilla" or "Mr.

Bonilla") (The Defendants are jointly referred to as "Defendants"), hereby alleges as follows:

## <u>PRELIMINARY STATEMENT</u>

1.   This action arises from the continuous and pervasive unwanted and intimidating sexual

    harassment and discrimination of Plaintiff by Defendants which became a term and condition

    of Plaintiff's employment, and the retaliation arising from Plaintiff's protected complaints

    actions as a witness and victim of the harassment and discrimination.

## <u>NATURE OF THE ACTION</u>

2.   Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended,

    42 U.S.C. §2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y.

    Exec. Law §296 et seq. ("NYSHRL") and the New York City Administrative Code §§ 8-101,

    et seq. ("NYCHRL").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

4. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 USC § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant NYU Langone does business in the State of New York and are subject to personal jurisdiction in this district, Plaintiff resides in this District and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

6. Following the commencement of this action, a copy of this Complaint will be served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirement of § 8-502 of the New York City Administrative Code.

7. Prior to the commencement of this action and within the statutory time period, Plaintiff filed a charge of sexual harassment with the EEOC.

8. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue from the EEOC on or about October 3, 2018.

9. This suit is being brought within ninety (90) days of receipt of a Notice of Right to Sue issued by the EEOC on October 3, 2018, a true and accurate copy of which is annexed as Exhibit "1".

10. Any and all other prerequisites to the filing of this action have been met.

**PARTIES**

11. Plaintiff Vasty Voltaire, is a United States Citizen who resides in Brooklyn, New York.

12. At all relevant times, Defendant NYU Langone was a Domestic Not-For-Profit Corporation, licensed to do business in the State of New York, with its principal place of business in New York State located at 550 First Avenue, HCC-15, New York, New York 10016.

13. At all relevant times Defendant NYU Langone owned and operated NYU Langone Lutheran Medical Center, located at 150 55th Street, Brooklyn, New York.

14. At all relevant times, Plaintiff was and is an employee of Defendant NYU Langone and worked at the NYU Langone Lutheran Medical Center.

15. At all relevant times, Defendant Bonilla was an employee of Defendant NYU Langone and worked at the NYU Langone Lutheran Medical Center.

16. At all relevant times, Defendant Bonilla was Plaintiff's manager and supervisor at NYU Langone Lutheran Medical Center.

**NATURE OF THE RELATIONSHIP BETWEEN THE PARTIES**

17. At all relevant times, Defendant NYU Langone owned and operated NYU Langone Lutheran Medical Center.

18. At all relevant times Defendant NYU Langone employee Defendant Bonilla was a manager at NYU Langone Lutheran Medical Center.

19. At all relevant times, Defendant Bonilla was in charge of managing and supervising the Plaintiff's performance of her job duties.

20. Defendant NYU Langone were and are "employers" of Plaintiff under all applicable statutes throughout her employment at NYU Langone Lutheran Medical Center.

21. Defendant NYU Langone is an "employer" and an "aider" and "abettor" within the meaning of the New York State and New York City Human Rights Laws.

## FACTUAL ALLEGATIONS

22. On or about August 2016, Plaintiff, a female, was hired by Defendant NYU Langone to work as a "material handler" at NYU Langone Lutheran Medical Center.

23. At all times thereafter, Defendant NYU Langone controlled the terms and conditions of Plaintiff's work, including but not limited to her hiring, firing, discipline, pay and supervision.

24. At all times thereafter, Defendant Bonilla was Plaintiff's manager and determined the terms and conditions of her employment. Throughout her employment, he continued to be her manager and supervisor until he was terminated.

25. From the time of hire to the time Defendant Bonilla's employment was terminated, Defendant Bonilla constantly engaged in unwanted and offensive sexual conduct, harassment and discrimination toward the Plaintiff.

26. While Plaintiff was working at NYU Langone Lutheran Medical Center, Defendant Bonilla accosted her, made sexual comments and propositions to her, and ignored her refusals.

27. Over the course of Plaintiff's employment, Defendant Bonilla's behavior escalated. Defendant Bonilla's behavior initially took the form of sexual innuendo and physical advances. Eventually this included daily attempts by Defendant Bonilla to hug and kiss the Plaintiff.

28. In July 2018, Plaintiff made a direct complaint about Defendant Bonilla's supervisor, known to Plaintiff as Julian. Plaintiff informed Julian that Defendant Bonilla had been subjecting her to workplace harassment for a period of time. Julian informed Plaintiff that he knew that she was uncomfortable with Defendant Bonilla and that Defendant Bonilla spoke differently to

women than he did to men. Julian further told plaintiff to stay away from Defendant Bonilla because he is a union employee and she is not.

29. On or about August 6, 2018, Plaintiff working at NYU Langone Lutheran Medical Center. During the course of her work that day, Plaintiff had to deliver medical supplies to another floor via the elevator. While Plaintiff was in the elevator, Defendant Bonilla entered. Defendant Bonilla proceeded to push plaintiff against the elevator wall, grabbed her by the wrists, and forcibly tried to kiss her. Plaintiff resisted and moved her face away from his. In response, Defendant Bonilla proceeded to rub his erect penis through his pants against Plaintiff's lower body. Plaintiff resisted throughout the entire event. Eventually Defendant Bonilla backed away and rubbed his genitals with his hands while staring at Plaintiff.

30. Upon exiting the elevator, Plaintiff immediately reported the incident to another supervisor named Alex Torres. See "Exhibit 2" text messages from defendant Bonilla to plaintiff. Subsequently, Defendant Bonilla was fired by Defendant NYU Langone.

31. As a condition of Plaintiff's employment Defendant NYU Langone required that supervisors had her phone number. As a result of this policy Defendant Bonilla had Plaintiff's phone number. Consequentially, after the incident Defendant Bonilla sent two text messages to Plaintiff. Subsequently Defendant Bonilla has continued to communicate threats to Plaintiff through former coworkers.

32. After the Incident Plaintiff was referred to counseling where she remains to this day. Further, Plaintiff was out of work for a period of two weeks, and was not paid during that time. Plaintiff has since returned to work, but is still being asked by coworkers about the incident. The matter was also reported to the police, but upon information and belief Defendant Bonilla has not been arrested.

33. The Defendants jointly and severally discriminated and retaliated against Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and the New York City Human Rights Law.

34. As a result, Plaintiff has suffered emotional damages.

## FIRST CAUSE OF ACTION
**(Discrimination in Violation of Title VII of the Civil Rights Act of 1964 against Defendants)**

35. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

36. Under Title VII, it is unlawful for "an employer...to discriminate against any [employee] with respect to...sex." 42 U.S.C. § 2000e-2(a)(1).

37. Actionable workplace conduct under Title VII includes sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

38. Defendant NYU Langone appointed and permitted Defendant Bonilla to supervise and manage Plaintiff at the NYU Langone Lutheran Medical Center.

39. Defendant Bonilla's persistent and unwanted sexual advances, requests for sexual favors, offensive physical sexual conduct, offensive verbal sexual comments, and sexual gestures were pervasive and altered Plaintiff's working conditions and created an intimidating and offensive work environment.

40. Plaintiff was subjected to adverse employment actions as a result of her refusal to embrace Defendant Bonilla's unwanted sexual advances.

41. Despite repeated reports of the hostile work environment and abuse, Defendant NYU Langone failed and refused to take prompt and effective remedial action.

42. As a result of the conduct of Defendant NYU Langone and its employee and the failure of Defendant NYU Langone to take prompt and effective remedial action, Plaintiff suffered

mental, emotional injury, distress, anxiety, injury to her reputation, and other damages in an amount to be proven at trial.

43. Defendant's conduct was willful. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights which Plaintiff is entitled to an award of punitive damages.

44. As a result, Plaintiff is entitled to damages in an amount to be determined at trial, together with costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Sexual Harassment and Gender Discrimination under the NYSHRL against all Defendants)

45. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

46. Defendant Bonilla's persistent and unwanted sexual advances, requests for sexual favors, offensive physical sexual conduct, offensive verbal sexual comments, and sexual gestures constituted discrimination within the meaning of the NYSHRL.

47. As a result of the conduct of Defendant NYU Langone and its employee and the failure of Defendant NYU Langone to take prompt and effective remedial action, Plaintiff suffered mental, emotional injury, distress, anxiety, loss of enjoyment of life, injury to her reputation and other damages in an amount to be proven at trial.

48. As a result, Plaintiff is entitled to damages in an amount to be determined at trial, together with attorney's fees and costs.

49. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for this she is entitled to an award of monetary damages and other relief.

50. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the NYSHRL for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION

### (Aiding and Abetting Liability under the NYSHRL against all Defendants)

51. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

52. Under the NYS Human Rights Law, individuals and entities are liable for discrimination and retaliation if they aid, abet, incite, coerce or compel, a primary violation of the NYSHRL committed by another employee or the business itself.

53. Defendants aided, abetted, incited, coerced or compelled each other to commit a violation of the NYSHRL, including but not limited to:  Defendant NYU Langone failing to take appropriate investigative or remedial measures regarding Plaintiff's complaints about Defendant Bonilla's behavior.

54. As a result, Plaintiff is entitled to damages in an amount to be determined at trial, together with costs and attorneys' fees.

## DEMAND FOR JURY TRIAL

55. Pursuant to FRCP Rule 38 and related provisions of law, Plaintiff demands trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

A. A Declaratory judgment that the actions, conduct and practices of corporate Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B. A Declaratory judgment that the actions, conduct and practices of the individual Defendant complained of herein violates the laws of the State and City of New York;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and economic damages;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical and mental injuries;

E. An awarded to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

Dated: December 27, 2018
New York, NY

Respectfully submitted,

Law Office of Robert Osuna, P.C.
By: Robert Osuna, Esq.
*Counsel for Plaintiff*
11 Park Place, Suite 1100
New York, NY 10007
Telephone: (212) 233-1033
Facsimile: (646) 201-4495
robertosunapc@yahoo.com

# EXHIBIT 1

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Vasty Voltaire**<br>c/o Law Office of Robert Osuna Pc<br>11 Park Place - Suite 100<br>New York, NY 10007 | From: **New York District Office**<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-05933** | **Loresa A. Lockett,**<br>**Investigator** | **(212) 336-3776** |

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Kevin J. Berry,**
**District Director**

10-3-2018
*(Date Mailed)*

Enclosures(s)

cc: **Daniel T. Driesen**
**Associate General Counsel**
**NYU LANGONE**
**One Park Avenue, 4th Floor**
**New York, NY 10016**

**Robert Osuna, Esq.**
**LAW OFFICE OF ROBERT OSUNA, PC**
**11 Park Place**
**Suite 1100**
**New York, NY 10007**

(See also the additional information enclosed with this form.)

# EXHIBIT 2

**iMessage**
**Mon, Aug 6,** 12:14 PM

I got wet thanks to you

> You made me feel uncomfortable Eddie, don't do that again 😞

**Delivered**

Sorry I will never do it again 😩

**Mon, Aug 6,** 2:36 PM

Alex suspend me. Why you did not came and talk to me. You know me for so long. If you can just call me.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

# Mandatory Electronic Filing

## http://www.nyed.uscourts.gov

*As of August 2, 2004*, electronic case filing became mandatory <u>for all civil cases</u> **and** <u>for all criminal cases,</u> pro se cases are excluded.
[Administrative Order 2004-08]

*Any documents submitted by mail or delivered to the clerks office for filing will **not** be accepted. To avoid having your documents returned or chambers being notified of your non-compliance, please adhere to Administrative Order 2004-08.*

Hard copies of all electronic filed documents can be submitted to chambers as a "***Courtesy Copy***" where the Judge's Indivdual Motion Practices and Rules permit or require it.

All initiating documents **(cases that require a case number, Judge and Magistrate Judge to be assigned)**, in civil and in criminal cases, will continue to be filed in hard copy.

***Please note:***
**Emergency Orders To Show Cause and Temporary Restraining Orders should be filed in hard copy, and subsequently e-filed.**

For further information on electronic filing go to our web site  http://www.nyed.uscourts.gov and click on the **cm/ECF button** located on the left-hand side of the screen.  Download/print the **ECF User's Guide** to familiarize yourself with ECF.

Revised 06/29/2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VASTY VOLTAIRE

**Plaintiff**

   -against-

NYU LANGONE HOSPITALS and HERIBERTO BONILLA
                     **Defendants**

## SUMMONS AND COMPLAINT

**Law Office of Robert Osuna, P.C.**
**Attorney for Plaintiff**
*Office and Post Office Address, Telephone*
**11 Park Place, Suite 1100**
**New York, New York 10007**
**212.233.1033**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*
Dated: _____12-27-18_____

                     Signature: _____
                  Print Signers Name: Robert Osuna, Esq.

         Service of a copy of the within     is hereby admitted.

         Dated,

                     _____
                     Attorney(s) for

Sir:--Please take notice
____   **Notice of Entry**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on          , 200
____   **Notice of Settlement**
that an order                   of which the within is a true copy will be presented for settlement to the
HON.                   , one of the Judges of the within named court at
         on                   20 at    M.

Dated,    December 27, 2018

                        Yours, etc.
                        **Robert Osuna, Esq.**
                        *Attorney for Plaintiff*